CINCINNATI & C. TRAC. CO. v. NORFOLK & W. RY.

DEMURRAGE—PURCHASER FROM CONSIGNOR BY ASSIGNMENT OF BILLS OF LADING ASSUMES ALL LIABILITIES UNDER CONTRACT OF LADING—DENIAL OF PROMISE TO PAY MERE CONCLUSION.

In an action by a carrier to recover demurrage, the averment in the answer that defendant purchased the freight after arrival by obtaining the bills of lading properly indorsed, the freight having been shipped to the order of the consignor, is no defense. The assignment of the bill of lading and the acceptance of the freight thereunder constituted an adoption by the defendant of the liabilities as well as the rights under the contract of shipment. A denial of a promise to pay under such circumstances is a denial of an express promise only. As a denial of an implied promise it is a mere conclusion.

[Syllabus approved by the court.]

**C. B. Matthews,** for plaintiff.

**Hollister & Hollister,** for defendant.

GIFFEN, J.

This action was commenced to recover certain charges for delay in unloading seventeen cars of steel rails after forty-eight hours' notice of their arrival.

Plaintiff railway company avers in its petition that the defendant traction company ordered the rails to be shipped to it at Hillsboro, Ohio, by the Carnegie Steel Company; that by the terms of the bill of lading, the shipments made were deliverable to the order of the Carnegie Steel Company upon the surrender of the bill of lading properly in-

Hamilton County.

dorsed; that each bill contained the provision: "The delivering carrier may make a reasonable charge per day for the detention of any vessel or car and for use of track after the car has been held forty-eight hours for unloading, and may add such charge to all other charges hereunder and hold said property subject to a lien therefor;" that the plaintiff complied with its said contracts, and notified the defendant of the arrival of each car, and held the same for forty-eight hours · thereafter for unloading by the defendant; but that the defendant failed to unload each of said seventeen cars during the forty-eight hour period after receipt of notice of the arrival of each of said cars, and to return the same to the plaintiff; and each of said cars was detained by the defendant and the track of plaintiff was used for the storage of each of said cars, and for the time set forth it made a reasonable charge of one dollar per day for the detention of each car, amounting in all to the sum of $1,139, which the defendant agreed to pay.

The first defense of the answer is a general denial. The second defense denies that the defendant was the owner of the rails or that the same were delivered to, or accepted by, them during the period for which the charges were made. It avers that the rails were shipped by the Carnegie Steel Company to its own order and not to the defendant; that the Carnegie Steel Company was the owner and in possession of the rails, and this defendant had no possession nor control over the same. The defendant further avers that by a subsequent negotiation with the said Carnegie Steel Company, it became the owner of said rails, and said rails were delivered to the defendant, and freight therefor paid, but the defendant says that they were not received under the railroad receipt or bill of lading mentioned, but were received and accepted solely under said subsequent contract, and possession was delivered to them solely because the said rails were then in the possession of the plaintiff on its line in proximity to the line of this defendant, and this defendant never promised to pay said demurrage.

By way of cross petition, the defendant seeks to recover the sum of $422 paid as demurrage for the detention of certain car loads of steel rails which it avers were owned, in possession of, and under the control of the Carnegie Steel Company, and that it paid the charges demanded under protest.

The court sustained a demurrer to the second defense, and also a demurrer to the cross petition. The defendant, not desiring to plead further, withdrew its first defense, and thereupon the court dismissed its cross petition and rendered judgment for the plaintiff.

It is claimed the court erred in sustaining the demurrers for the

### Traction Co. v. Railway.

reason that there was no contract, expressed or implied, whereby the defendant company became liable to pay charges for delay in unloading the cars not occasioned by itself.

The bills of lading expressly provide for a reasonable charge for the detention of any car after the same has been held for forty-eight hours for unloading, and while it does not provide that the same shall be paid by the consignee or its assignee, yet by delivering the bills of lading indorsed to it and accepting the rails, it impliedly agreed to pay all charges specified in the bills of lading. The company, by delivering the freight, may have surrendered its right to a lien just as it could surrender its right for freight charges, but did not surrender its right to collect the same.

The averment that the rails were not received under the bill of lading, but were received solely under the contract with the Carnegie Steel Company, cannot be true, in view of the allegations of the petition under which the bills of lading properly indorsed must have been surrendered to the railway company; and besides, if received and accepted solely under the contract with the Carnegie Steel Company, the defendant acquired only such rights as that company had without in any way affecting the rights of the plaintiff. The reason given for the delivery of the rails to the defendant is without merit, as the payment of the freight or the right to collect the same is a more substantial reason than the mere convenience of unloading seventeen cars of rails without regard to their true ownership. The averment that the defendant never promised to pay must be construed to be a denial of any express promise to pay, and so far as it is a denial of an implied promise, must be treated as a mere conclusion.

We are of opinion therefore that the second defense is not good and that the demurrer to the same was properly sustained. Substantially the same question is involved in the demurrer to the cross petition, which was also properly sustained.

Judgment affirmed.

**Jelke, J.,** concurs.